Charles R. West and Beulah West v. Commissioner.
West v. Commissioner
Docket No. 1496-67.
United States Tax Court
T.C. Memo 1968-162; 1968 Tax Ct. Memo LEXIS 137; 27 T.C.M. (CCH) 801; T.C.M. (RIA) 68162; July 29, 1968. Filed *137 Respondent obtained consents from petitioners to extend the three-year statutory limitation period for assessment of deficiencies for the taxable years 1960, 802 within the extended period. Held, petitioners having failed in showing error in respondent's determination of deficiencies, they are sustained; the deficiency notices were timely issued. 1961, and 1962. The deficiency notice was issued J. B. Fisher, Kanawha Valley Bldg., Charleston, W. Va., for the petitioners. R. A. Roberts, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1960, *138 1961 and 1962, and additions to tax under section 6653(b), I.R.C., [1] as follows: Taxable Year
Deficiency
Addition to Tax
1960
$22,799.12
$11,399.56
1961
14,181.76
7,090.88
1962
7,983.70
3,991.85
Respondent, at trial, conceded that petitioners are not liable for the above-mentioned additions to tax. The petitioners failed to prosecute their case as to the deficiencies. The only issue remaining for decision is whether the three-year limitation period of section 6501(a) bars the assessment of deficiencies for the years in question. Findings of Fact Petitioners are husband and wife, and at the time of filing their petition herein resided at Charleston, West Virginia. They filed joint Federal income tax returns for the calendar years 1960, 1961 and 1962, with the district director of internal revenue, Parkersburg, West Virginia. The petitioners' return for the taxable year 1960 was filed on April 15, 1961. On March 3, 1964, and within three years from the filing of petitioners' return for the taxable year 1960, petitioners *139 and respondent entered into a written agreement extending the period of limitation upon assessment and collection of an income tax deficiency for the year 1960 to April 15, 1965. Further agreements extending the period of limitation for the year 1960 were entered into by petitioners and respondent on the dates indicated below whereby the period of limitation for said year was extended as follows: $702,00,00
Agreement Period of Limitation Extended to March 11, 1965 December 31, 1965
October 25, 1965 December 31, 1966 Petitioners' return for the taxable year 1961 was filed on April 16, 1962. On March 11, 1965, and within three years from the filing of petitioners' return for the year 1961, petitioners and respondent entered into a written agreement extending the period of limitation for the year 1961 to December 31, 1965. A further agreement extending the period of limitation for the year 1961 was entered into by the petitioners and the respondent on October 25, 1965, extending the period of limitation to December 31, 1966. Petitioners' return for the year 1962 was filed on April 15, 1963. On February 1, 1966, petitioners and respondent entered into a written agreement extending *140 the period of limitation for the year 1962 to December 31, 1966. The notice of deficiencies setting forth the respondent's determination for the taxable years 1960, 1961, and 1962 was mailed to petitioners by certified mail on December 19, 1966, and prior to the expiration of the statute of limitations as extended by petitioners and respondent by written agreement for each of said years. Opinion In light of petitioners' failure to prosecute their case as to the deficiencies determined for the taxable years 1960, 1961, and 1962, the only question remaining is whether the three-year section 6501(a) limitation bars the assessment of deficiencies for the particular years in issue. The petition herein raises the statute of limitations as a bar; respondent has introduced true and correct copies of the applicable agreements. Petitioners did not appear at trial or contest the validity of the consents; there is no suggestion that they contend that the consents were irregularly obtained or other than regular and valid in every respect. At Calendar Call when respondent's counsel stated that he relied upon executed consents to lift the bar of the statute of limitations, and specifically *141 mentioned section 6501(c), petitioners' counsel then stated: "The petitioners will take no interest in the matter." 803 At trial, later that same date, petitioners did not appear either in person or by counsel. Respondent then conceded the additions to tax and offered in evidence six certified copies of consent forms executed by petitioners and the respondent, as set forth in our findings. This documentary evidence, being undisputed, is sufficient to warrant the conclusion that the statute of limitations affirmative defense raised by petitioners has not been established. The deficiency notice was timely. The burden of proving error in the respondent's determination of deficiencies rests upon petitioners; they have not carried it and the deficiencies as determined must be sustained. Decision will be entered for the respondent. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩